**Michael BARDEN, Plaintiff–Appellant,**

**v.**

**SHEET METAL WORKERS LOCAL NO. 20 WELFARE AND BENEFIT FUND, Sheet Metal Workers Welfare and Benefit Board of Trustees, Morris Associates, et al., Defendants–Appellees.**

No. 00–4150.

United States Court of Appeals,
Seventh Circuit.

Submitted June 18, 2001.*

Decided June 19, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before MANION, ROVNER, and EVANS, Circuit Judges.

### ORDER

Michael Barden, a participant in the Sheet Metal Workers Local No. 20 Welfare and Benefit Fund (the "Fund"), brought suit under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, after the Fund partially denied benefits for medical services rendered to his son, Dakota. The district court granted summary judgment to the Fund and the Sheet Metal Workers Welfare and Benefits Board of Trustees (the "Board"), finding that both the terms of ERISA and the Plan governing the Fund had been complied with. Barden appeals, and we affirm.

As a member of the Fund, Barden is entitled to receive the "reasonable and customary charges" for medical services. The Board, as plan administrator, delegated responsibility for examining and paying claims to a third party, Edward B. Morris Associates, Inc. ("Morris"). Based on "CPT codes," numeric codes used by providers to identify each type of medical service and procedure for which they are seeking payment, and data supplied to it by an outside company, Morris determines the "reasonable and customary charge" payable on each claim submitted. No payment is made for any amount above the "reasonable and customary charge" as determined by Morris. Dr. Robert Schuman, a pediatric neurologist, submitted claims to the Fund for services rendered to Dakota between May 1998 and January 1999. Morris concluded that the claims exceeded the "reasonable and customary" charges for the services, and so paid them only in part. Barden and Dr. Shuman asked Morris to reconsider, but after further review it refused to adjust the amount paid.

Pursuant to the terms of the Plan, Barden appealed Morris's decision to a Claims Review Committee, to which he both submitted written materials and made an oral presentation. The Review Committee ordered Morris to seek outside review of Barden's claims. An outside consultant determined that, although the CPT codes submitted by Dr. Shuman were correct for the services he performed, other CPT codes, allowing a greater maximum payment under the Plan, could have been used. The consultant suggested that the benefits paid for Dr. Shuman's services could justifiably be increased 20%, which the Review Committee approved. After the Review Committee denied Barden's suggestion to reconsider its decision (because Barden was not satisfied with the 20% increase), Barden filed suit in state court, seeking payment for Dr. Shuman's unreimbursed charges. The Defendants removed the case to federal court on the basis that it was a claim arising under § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

As an initial matter, the defendants ask that we ignore or strike a document entitled "Supplemental Affidavit of Michael Barden" that Barden attached to his opening brief. Because the affidavit is not part of the record in this case, we will simply ignore the information it contains. *See United States v. Levine,* 5 F.3d 1100, 1109 n. 4 (7th Cir.1993).

■ Barden first challenges the district court's finding that the defendants, through Morris, properly considered and partially denied Barden's claims for benefits. Barden argues that a higher "reasonable and customary" charge should have been used for determining payment. When a benefit plan gives the administrator discretion in interpreting and applying the plan, as it did here, we review the administrator's decision using an arbitrary and capricious standard. *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *Carr v. Gates Health Care Plan,* 195 F.3d 292, 294 (7th Cir.1999), *cert. denied,* 529 U.S. 1068, 120 S.Ct. 1675, 146 L.Ed.2d 484 (2000). Under the arbitrary and capricious standard, we will overturn the administrator's decision only if it is "downright unreasonable." *Carr,* 195 F.3d at 294 (quoting *Butler v. Encyclopedia Brittanica, Inc.,* 41 F.3d 285, 291 (7th Cir. 1994)). A denial of benefits will not be set aside if it is based on a reasonable interpretation of the plan documents. *Id.*

Under the Plan, only "Reasonable and Customary Charges" for specified medical services are eligible for benefits. By basing its payment decisions on the "reasonable and customary charges" as determined by CPT codes and outside data, Morris followed the plain language of the Plan. Morris's decision to partially deny benefits to Barden based on the CPT codes submitted by Dr. Shuman was not unreasonable, and the defendants did not act arbitrarily or capriciously in denying in part Barden's claims.

■ Barden next asserts that the denial letters from Morris failed to comply with ERISA and its regulations. Pursuant to 29 U.S.C. § 1133, every employee plan must provide adequate notice to a participant whose claim for benefits was denied; such notice must be written in a manner calculated to be easily understood by the participant, and the plan must provide the participant with a reasonable opportunity for a full and fair review of the denial by the fiduciary of the plan. Although the denial letters sent to Barden and Dr. Shuman did not strictly comply with ERISA's mandates, they substantially complied, which is sufficient. *Donato v. Metro. Life Ins. Co.,* 19 F.3d 375, 382 (7th Cir.1994). The letters clearly explained why the

claims had been partially denied: based on the definition of "reasonable and customary," Shuman had been paid the maximum amount allowed under the Plan. They thus supplied Barden with a " 'statement of reasons that, under the circumstances of the case, permitted a sufficiently clear understanding of the administrator's position to permit effective review,'" *Id.* (quoting *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 690 (7th Cir.1992)), and were sufficient under ERISA.[1]

Lastly, Barden argues that the district court erred in finding that his appeal was handled properly by the Review Committee. Pursuant to 29 C.F.R. § 2560.503–1(g), every plan governed by ERISA must establish an appeal procedure that allows the claimant to receive a "full and fair review" of a denied claim by the plan's fiduciary or its designate. This appeal procedure must also allow the claimant to make a written request for review of the decision, examine pertinent documents, and submit issues and comments in writing. *Id.* As the district court found, Barden had a hearing before the Review Committee and was allowed to both present written materials and make an oral presentation. Further, after Barden's presentation, the Board ordered Morris to have an outside consultant review Barden's claims, and approved a 20% increase in benefits on those claims. The review procedure set up by the Fund gave Barden a full and fair review of his claims, and the district court properly granted summary judgment to the defendants on this issue.

Accordingly, we AFFIRM the judgment of the district court.

---

1. Barden also indicates that he wants this court to recommend that the Secretary of Labor fine the defendants for their alleged failure to follow the appropriate denial procedures. That is not within our powers, and at any rate a claimant is not entitled to any substantive remedy for a plan's procedural violation. *Wolfe v. J.C. Penney Co.*, 710 F.2d 388, 393 (7th Cir.1983).

